IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walid Habbas,<br><br>    Petitioner,<br><br>vs.<br><br>Philip Crawford, Director ICE Field Office,<br><br>    Respondent. | No. CV 07-0511-PHX-MHM (JI)<br><br>**ORDER** |

    On March 8, 2007, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his continued detention pending removal to Jordan (Doc. 1). Petitioner alleges that he was ordered removed on August 23, 2006, and has been detained more than 180 days. On May 22, 2007, Respondent filed his Suggestion of Mootness in which he indicated that Petitioner had been released from custody on March 19, 2007 (Doc. 7). Since his release, Petitioner has not filed a notice of change of address. On May 15, 2007, mail from the Clerk of the Court to Petitioner was returned undeliverable (Doc. 10). The matter was referred to United States Magistrate Judge Jay R. Irwin who has issued a Report and Recommendation ("R&R") recommending dismissing without prejudice Petitioner's Petition for Writ of Habeas Corpus for failure to prosecute (Doc. 11). Judge Irwin's R&R also was returned to the court as undeliverable (Doc. 12).

1       The district court must review the Magistrate Judge's findings and recommendations *de*
2 *novo* if objection is made but not otherwise. <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,
3 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall
4 make a *de novo* determination of those portions of the report or specified proposed findings
5 or recommendations to which objection is made").

6       "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been
7 considered an 'inherent power,' governed not by rule or status but by the control necessarily
8 vested in courts to manage their own affairs so as to achieve the orderly and expeditious
9 disposition of cases." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-31 (1962). "Accordingly,
10 when circumstances make such action appropriate, a District Court may dismiss a complaint
11 for failure to prosecute even without affording notice of its intention to do so or providing an
12 adversary hearing before acting. Whether such an order can stand on appeal depends not on
13 power but on whether it was within the permissible range of the court's discretion." <u>Id.</u> at
14 633.

15       Petitioner has failed to prosecute the action since his March 19, 2007 release. The
16 Magistrate Judge has recommended that the Petitioner's Petition for Writ of Habeas Corpus
17 (Doc. 1) be dismissed without prejudice for failure to prosecute. This Court agrees with Judge
18 Irwin's recommendation.

19       **Accordingly**,

20       **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc.
21 11) in its entirety as the Order of the Court.

22       **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is dismissed
23 without prejudice.

24       DATED this 14th day of September, 2007.

25
26
27       _____
      Mary H. Murgula
28       United States District Judge